**UNITED STATES**

v.

**Airman First Class Marcus A. HARDY, United States Air Force.**

**ACM 35371.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 24 Sept. 2002.

27 July 2004.

Appellate Counsel for Appellant: Captain L. Martin Powell.

Appellate Counsel for the United States: Colonel LeEllen Coacher, Lieutenant Colonel Robert V. Combs, Lieutenant Colonel Jennifer R. Rider, and Major James K. Floyd.

Before STONE, MOODY, and JOHNSON, Appellate Military Judges.

OPINION OF THE COURT

JOHNSON, Judge:

The appellant was tried at a general court-martial convened at Moody Air Force Base, Georgia, on 24 September 2002. In accordance with his pleas, the military judge found him guilty of conspiracy, larceny, and burglary, in violation of Articles 81, 121, and 129, UCMJ, 10 U.S.C. §§ 881, 921, 929. He was sentenced to a bad-conduct discharge, confinement for 16 months, forfeiture of all pay and allowances, and reduction to the grade of E–1. The convening authority approved the sentence.

The appellant raises one issue. He claims the action taken on the findings and sentence pursuant to Article 60, UCMJ, 10 U.S.C. § 860, is invalid. Specifically, he argues that the convening authority was not properly authorized to convene general courts-martial at the time he took final action in the appellant's case. We disagree and affirm.

■ Whether a commander is properly authorized to take action on a court-martial sentence is a question we review de novo. *United States v. Davis*, 58 M.J. 100, 102 (C.A.A.F.2003).

■ The facts concerning this post-trial matter are not in dispute. Headquarters Ninth Air Force Provisional (9 AF(P)) was activated on 1 October 2001 pursuant to Special Order GB–57, dated 25 September 2001. Shortly thereafter, the Secretary of the Air Force, pursuant to Article 22(a)(8), UCMJ, 10 U.S.C. § 822(a)(8), designated the Commander of the Ninth Air Force Provisional (9 AF(P)/CC as a commander authorized to convene general courts-martial. This designation was effective on 15 October 2001 per Special Order GA–001, dated 17 October 2001. On 26 August 2002, 9 AF(P)/CC re-

ferred the charges and specifications against the appellant to a general court-martial.

The confusion about whether 9 AF(P)/CC could take action in this case arose as the result of Special Order GA–001, which the Secretary of the Air Force issued on 8 October 2002. This order authorized specific commanders throughout the Air Force to convene courts-martial. The order did not list 9 AF(P)/CC. It states, in pertinent part:

> 8. Authority to convene courts-martial is hereby withheld from commanders of all other organizations not listed within this order, *unless granted by a competent authority superior to that commander . . . .*"
>
> . . . .
>
> 10. This special order supersedes Special Order GA–001, Department of the Air Force, Washington DC, 10 October 2000, *and includes changes* reported through 30 September 2002.

(Emphasis added.) Approximately one month after the Secretary signed this order, 9 AF(P)/CC took final action in the appellant's case.

The issue before this Court is whether the Secretary's 8 October 2002 Special Order— an order issued after referral of this case, but prior to action—withheld authority to convene courts-martial from 9 AF(P)/CC and therefore precluded him from taking final action. The appellant argues the Secretary of the Air Force specifically intended to withhold convening authority from 9 AF(P)/CC. His argument is based on the language quoted above in paragraph 8 of the order that states "[a]uthority to convene courts-martial is hereby withheld from commanders of all other organizations not listed within this order, unless granted by a competent authority superior to that commander," and the omission of 9 AF(P)/CC from the order. We disagree.

Authority to convene courts-martial was not withheld from 9 AF(P)/CC because the Secretary, a competent authority superior to 9 AF(P)/CC, had earlier granted convening authority to 9 AF(P)/CC on 17 October 2001, pursuant to Special Order GA–001. Furthermore, we find that pursuant to paragraph 10 of Special Order GA–001, dated 8 October 2002, this order *superseded* Special Order GA–001, dated 10 October 2000, but *included* changes reported through 30 September 2002. Hence, Special Order GA–001, dated 17 October 2001, was not affected by the 8 October 2002 order.

More importantly, we do not have to speculate as to the Secretary's intent because on 26 June 2003, the Secretary signed a memorandum clarifying Special Order GA–001, dated 8 October 2002, indicating he had not withdrawn convening authority from 9 AF(P)/CC when he designated other commanders to convene general courts-martial. *See* Appendix.

Finally, 9 AF(P)/CC still had statutory authority to convene general courts-martial by virtue of his position as a commander of an "air force." Article 22(a)(7), UCMJ, provides that general courts-martial may be convened by "the commanding officer of an air command, *an air force,* an air division, or a separate wing of the Air Force . . . ." [1] (Emphasis added.).

Our superior court, when faced with similar issues in the past, has taken a functional, rather than a technical, approach to these types of administrative errors. *See generally United States v. Watson,* 37 M.J. 166, 168 (C.M.A.1993); *United States v. Yates,* 28 M.J. 60, 63 (C.M.A.1989); *United States v. Jette,* 25 M.J. 16, 18 (C.M.A.1987). So, in spite of the inartfully drafted language in the 8 October 2002 order, and in light of the memorandum clarifying the Secretary's intent, we hold that 9 AF(P)/CC was authorized to convene courts-martial on 6 November 2002 and, therefore, properly took action on the findings and sentence in this case.

The findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred.

---

1. It is unclear why the Secretary relied on Article 22(a)(8) to formally "designate" 9 AF(P)/CC as a general court-martial convening authority rather than using Article 22(a)(7) as the basis for his convening authority. Under Article 22(a)(7), it appears that no further administrative action would be required to effect convening authority on a commander once he or she is placed in a command position at a numbered air force.

Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the findings and sentence are

AFFIRMED.